# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 578 | DATE | 4/7/2003 |
| CASE TITLE | | NEW SVE INC vs. UAV CORP | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant's motion to dismiss, stay or transfer is denied. Defendant is ordered to file an answer to the amended complaint by April 18, 2003. The parties are to conduct an FRCP 26(f) conference and file a form 35 by April 24, 2003. Status hearing to set a discovery and trial schedule is set for April 29, 2003 at 9:00 am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 08 2003 | |
| | Notified counsel by telephone. | | date docketed | 9 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/7/2003 | |
| JS | courtroom deputy's initials | | date mailed notice JS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| New SVE, Inc., a corporation, ) ) ) Plaintiff, ) ) v. ) UAV Corporation, a corporation, ) ) Defendant. ) ) ) ) ) ) | No. 03 C 578 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On January 27, 2003, plaintiff New SVE, Inc. ("SVE") filed suit against UAV Corporation ("UAV") alleging copyright infringement. SVE, on February 27, 2003, filed a first amended complaint adding a breach of contract claim. On March 11, 2003, UAV moved this court to dismiss, stay, or transfer venue. For the following reasons, UAV's motion is denied.

UAV argues that SVE's claim in this court is a compulsory counterclaim to UAV's complaint filed in the United State District Court for the District of South Carolina on December 10, 2002, and amended on March 21, 2003 ("South Carolina Action"), and thus must be dismissed. UAV also asserts that this action must be dismissed pursuant to Illinois law. Alternatively, UAV argues that this court should transfer this case to the District of South Carolina.

9

I. <u>Dismiss or Stay</u>

First, contrary to UAV's arguments, Federal Rule of Civil Procedure 13(a) does not expressly bar a party from bringing an independent action it could have brought as a compulsory counterclaim in a pending action. Inforizons, Inc. v. VED Software Servs., Inc., 204 F.R.D. 116, 118 (N.D. Ill. 2001). The compulsory counterclaim requirement of Rule 13(a) operates under the doctrine of *res judicata* to bar a party from suing on a claim that it should have brought as a compulsory counterclaim in a prior action. Id. Generally, however, although there is no "rigid 'first to file' rule" in the Seventh Circuit, Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 750 (7th Cir. 1987), in the interests of judicial administration, a court will either dismiss or stay a second-filed action which is a compulsory counterclaim in another pending action or is duplicative of parallel action already pending in another federal court. Inforizons, 204 F.R.D. at 118. Thus, assuming for purposes of this decision that SVE's claims in this court are compulsory counterclaims, this court should dismiss or stay this action unless there is a clear showing that the balance of convenience or other special circumstances favor this forum. Galileo Int'l P'ship v. Global Vill. Communication, Inc., No. 96 C 3554, 1996 WL 452273, at *2 (N.D. Ill. Aug. 8, 1996). This court finds that such "other special circumstances" are present, and thus this case should not be dismissed or stayed.

The original complaint in the South Carolina Action sought a judicial declaration as to the term of the parties' agreement. The action in this court addresses different claims altogether, namely whether UAV has infringed SVE's copyrights and breached the parties' agreement. Although the license agreement is central to both actions, UAV's declaratory judgment action centers on the term of the agreement, not infringement or breach. In fact, the declaratory judgment claim appears to be moot, as SVE, on March 21, 2003, admitted that the agreement runs through January 2008, which

2

is exactly what UAV seeks as part of the South Carolina Action. Because it does not appear that an actual controversy exists, at least as to the declaratory judgment issue, it is likely that this claim, if not the entire South Carolina case, will be dismissed. As in Galileo, "the possibility that the [South Carolina] case will be dismissed or transferred is not insignificant." Id. at *3. Because in the case at hand, the "first-filed action is trivial in relation to the second-filed action," Inforizons, 204 F.R.D. at 120, SVE's claims in this court should not be dismissed or stayed.

The fact that UAV filed an amended complaint in South Carolina adding additional claims for wrongful repudiation, tortious interference with existing and prospective contractual relations, and violation of South Carolina's Unfair Trade Practices Act does not sway this court's opinion. On March 21, 2003, the same day SVE filed its motion to dismiss the South Carolina Action and more than three weeks after SVE filed its amended complaint in this court, UAV amended its complaint adding the three causes of action stated above and sought a preliminary injunction. UAV initially brought suit in South Carolina to address one issue, namely the term of the parties' agreement. SVE then filed suit in this court to address different issues, i.e., whether UAV had infringed SVE's copyrights and breached the agreement. In response, and "iron[ically]" (See Def.'s Reply at 3 n.1), UAV amended its complaint, on the same day SVE's admission as to the agreement's term mooted the declaratory judgment action, to include claims that do not appear to be related in any way to its initial request for declaratory judgment. Because the claims in the South Carolina amended complaint may relate back under Rule 15(c), the action in this court may not be, technically, the first-filed action. However, under the special circumstances of this case, this court should not stay or dismiss the action pending in this court where SVE filed a claim unrelated to the declaratory judgment action pending in South Carolina regarding the agreement's term and UAV then amended

its complaint more than three weeks after SVE filed its amended complaint.

Second, pursuant to 735 ILCS 5/2-619(a)(3), it is a ground for dismissal of a second-filed lawsuit if "there is another action pending between the same parties for the same cause." However, this statute applies only in cases in which Illinois substantive law governs, i.e., if this court's subject matter jurisdiction is based upon diversity of citizenship or supplemental jurisdiction. See Houben v. Telular Corp., 309 F.3d 1028, 1032 (7th Cir. 2002); Brach & Brock Confections, Inc. v. Redmond, 988 F. Supp. 1106, 1107 (N.D. Ill. 1997). Here, regardless of SVE's allegations in its amended complaint,[1] this court's jurisdiction is premised upon 28 U.S.C. § 1338(a), as to the copyright claim, and either 28 U.S.C. § 1367, supplemental jurisdiction, or 28 U.S.C. § 1332, diversity jurisdiction, as to the breach of contract claim. Consequently, with regard to the breach of contract claim, this court must apply Illinois substantive law. However, as discussed above, this case and the South Carolina Action are not the "same cause."[2] Accordingly, the Illinois statute does not mandate dismissal.

---

[1] SVE alleges that this court's subject matter jurisdiction is based upon 28 U.S.C. § 1338(a), copyrights, and 28 U.S.C. § 1332, diversity. (Am. Compl. ¶ 3.)

[2] Under Illinois law, "[t]wo actions are for the same cause when the relief requested is based on substantially the same set of facts. The crucial inquiry is whether the two actions arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof or relief sought materially differ between the two actions. Furthermore, the purpose of the two actions need not be identical; rather, there need only be a substantial similarity of issues between them." Village of Mapleton v. Cathy's Tap, Inc., 729 N.E.2d 854, 856, 313 Ill. App. 3d 264, 266 (3d Dist. 2000) (citations omitted). Here, the two actions are not based on the same set of facts. In the South Carolina Action, contract formation and termination are central, and in this court, facts relating to performance are most important. They do not appear to arise out of the same transaction or occurrence nor are the issues substantially similar.

Further, because the Illinois statute does not apply to the federal copyright claim, it cannot be dismissed. Therefore, as cases would remain in this district and the District of South Carolina, no judicial efficiency is gained by dismissing the breach of contract claim and not the copyright infringement claim.

II.  Transfer

Pursuant to 28 U.S.C. § 1404(a), this court may transfer a pending action "[f]or the convenience of parties and witnesses [and] in the interest of justice . . . ." Because SVE is located in Illinois and has identified several witnesses who reside in Illinois, it appears that the convenience factors are equally balanced. No matter which forum is selected, one side or the other will be burdened with bringing itself and its witnesses from far away. However, the forum selection clause in the parties' agreement, albeit arguably not exclusive, weighs heavily against transfer. The fact that UAV agreed Illinois was an appropriate forum, whereas SVE never agreed to litigate in South Carolina, favors venue in Illinois. Accordingly, because one party will be inconvenienced in either forum and the interests of justice do not favor the South Carolina forum, UAV's motion to transfer is denied.

III.  Conclusion

Based on the foregoing, UAV's motion to dismiss, stay, or transfer is denied. UAV is ordered to file an answer to SVE's amended complaint on or before April 18, 2003. Counsel are to confer pursuant to Rule 26(f) and file a jointly completed Form 35 signed by counsel for each party on or before April 24, 2003. This case is set for a report on status and the entry of a scheduling order at 9:00 a.m. on April 29, 2003. The parties are strongly urged to discuss settlement.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: April 7, 2003